1   DENISE M. MINGRONE (STATE BAR NO. 135224)
    dmingrone@orrick.com
2   SIDDHARTHA VENKATESAN (STATE BAR NO. 245008)
    svenkatesan@orrick.com
3   ELIZABETH C. McBRIDE (STATE BAR NO. 260577)
    emcbride@orrick.com
4   ORRICK, HERRINGTON & SUTCLIFFE LLP
    1000 Marsh Road
5   Menlo Park, California  94025
    Telephone:     +1-650-614-7400
6   Facsimile:     +1-650-614-7401

7   Attorneys for Plaintiff
    SYNOPSYS, INC.

8

9                     UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11

12   SYNOPSYS, INC., a Delaware corporation,      Case No. 3:12-cv-05334-RS

13                     Plaintiff,                 **STIPULATION AND [PROPOSED
                                                  ORDER] FOR ENTRY OF
14            v.                                  TEMPORARY RESTRAINING ORDER,
                                                  ORDER FOR EXPEDITED
15   DEEPAK SABHARWAL, an individual,             DISCOVERY AND ENTRY OF
                                                  PROTECTIVE ORDER**
16                     Defendant.
                                                  Date:
17                                                Time:
                                                  Dept:
18                                                Judge:

19

20

21

22

23

24

25

26

27

28

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

STIP AND [PROPOSED] ORDER
CASE NO. 3:12-CV-05334-RS

1.     Plaintiff Synopsys, Inc. ("Plaintiff") has filed a Complaint against Defendant Deepak Sabharwal. The Complaint alleges copyright infringement, trade secret misappropriation, computer abuse and fraud and unfair business practices against Mr. Sabharwal. Based on its complaint, Plaintiff believes good cause exists which supports entry of a temporary restraining order by the Court and is prepared to file such application and supporting papers.

2.     In an effort to resolve any issues which might support entry of a Court restraining order, Defendant and Plaintiff agree to immediate entry of the following.

**Temporary Restraining Order:**

1. Defendant Deepak Sabharwal shall not use, disclose, transfer, copy, destroy, license or otherwise encumber any Synopsys confidential or proprietary information, including any document or file from his Synopsys-issued laptop and all Synopsys algorithms, processes, data, know-how, computer software in both source and object form, interfaces, designs, data structures, improvements, inventions, works of authorship, techniques, development roadmaps, resource allocation plans, business or marketing plans, strategies, forecasts and customer or contact lists;

2. Mr. Sabharwal shall not use, disclose, transfer, copy, destroy, license or otherwise encumber any third party confidential or proprietary information that he received access to during his employment at Synopsys, including all Intel confidential or proprietary information;

3. Mr. Sabharwal shall immediately return all Synopsys confidential or proprietary information and third party confidential or proprietary information to Synopsys; and

4. This order shall remain in effect for at least twenty-eight (28) days from entry to allow the parties to complete expedited discovery and attempt to reach final and permanent resolution of this matter.

**Expedited Discovery:**

5. Mr. Sabharwal shall comply with expedited discovery. A Protective Order, attached as Exhibit A is entered by the Court to facilitate expedited discovery.

6. Mr. Sabharwal shall produce for forensic inspection all electronic storage media,

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 1 -

[PROPOSED] ORDER
CASE NO. _____

including all external hard drives and flash drives that have ever contained any Synopsys confidential or proprietary or third party confidential or proprietary information that Sabharwal received access to during his employment at Synopsys, including all Intel confidential or proprietary information, by October 26, 2012.

7. To the extent Mr. Sabharwal used any internet cloud-based storage application, any social networking, any internet based email application, or similar application to store any Synopsys confidential or proprietary information or third party confidential or proprietary information, he shall provide the user access credentials to each such application to Plaintiffs' counsel by October 26, 2012. These credentials will be designated "Highly Confidential – Attorneys' Eyes Only" pursuant to the Protective Order.

8. Synopsys shall immediately propound to Mr. Sabharwal requests for production, interrogatories and a notice of deposition.

9. Mr. Sabharwal shall provide substantive responses to each interrogatory and make responsive documents and things available in response to Synopsys' requests for production by October 26, 2012.

10. Mr. Sabharwal shall appear for his deposition on or about November 1, 2012, as mutually agreed by the parties.

Dated: _16_ October, 2012

Respectfully submitted

ORRICK, HERRINGTON & SUTCLIFFE LLP

_____
Denise M. Mingrone
Attorneys for Plaintiff SYNOPSYS, INC.

Dated: _____ October, 2012

_____
Defendant DEEPAK SABHARWAL

Good cause appearing therefor, **IT IS SO ORDERED.**

Dated: ___10/18___ 2012

_____
United States District Court Judge

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

[PROPOSED] ORDER
CASE NO. _____

1    including all external hard drives and flash drives that have ever contained any Synopsys

2    confidential or proprietary or third party confidential or proprietary information that

3    Sabharwal received access to during his employment at Synopsys, including all Intel

4    confidential or proprietary information, by October 26, 2012.

7.  To the extent Mr. Sabharwal used any internet cloud-based storage application, any social networking, any internet based email application, or similar application to store any Synopsys confidential or proprietary information or third party confidential or proprietary information, he shall provide the user access credentials to each such application to Plaintiffs' counsel by October 26, 2012.  These credentials will be designated "Highly Confidential – Attorneys' Eyes Only" pursuant to the Protective Order.

8.  Synopsys shall immediately propound to Mr. Sabharwal requests for production, interrogatories and a notice of deposition.

9.  Mr. Sabharwal shall provide substantive responses to each interrogatory and make responsive documents and things available in response to Synopsys' requests for production by October 26, 2012.

10.  Mr. Sabharwal shall appear for his deposition on or about November 1, 2012, as mutually agreed by the parties.

Respectfully submitted

Dated: _____ October, 2012

ORRICK, HERRINGTON & SUTCLIFFE LLP

_____

Denise M. Mingrone
Attorneys for Plaintiff SYNOPSYS, INC.

Dated: 16 October, 2012

_____

Defendant DEEPAK SABHARWAL

Good cause appearing therefor, **IT IS SO ORDERED.**

Dated: _____ 2012

_____
United States District Court Judge

# EXHIBIT A

1   DENISE M. MINGRONE (STATE BAR NO. 135224)
dmingrone@orrick.com

2   SIDDHARTHA VENKATESAN (STATE BAR NO. 245008)
svenkatesan@orrick.com

3   ELIZABETH C. McBRIDE (STATE BAR NO. 260577)
emcbride@orrick.com

4   ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road

5   Menlo Park, California 94025
Telephone:  +1-650-614-7400

6   Facsimile:   +1-650-614-7401

7   Attorneys for Plaintiff
SYNOPSYS, INC.

8

9             UNITED STATES DISTRICT COURT

10          NORTHERN DISTRICT OF CALIFORNIA

11

12   SYNOPSYS, INC., a Delaware corporation,      Case No. 3:12-cv-05334 RS

13             Plaintiff,        [PROPOSED] PROVISIONAL
PROTECTIVE ORDER

14      v.

15   DEEPAK SABHARWAL, an individual,

16             Defendant.

17

18

19

20

21

22

23

24

25

26

27

28

1.     <u>PURPOSES AND LIMITATIONS</u>

      Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Court hereby GRANTS the following Provisional Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 14.4, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 and General Order 62 set forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2.     <u>DEFINITIONS</u>

      2.1     <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

      2.2     <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

      2.3     <u>Counsel (without qualifier)</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

      2.4     <u>Designated House Counsel</u>: House Counsel who seek access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this matter.

      2.5     <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE".

      2.6     <u>Disclosure or Discovery Material</u>: all items or information, regardless of the

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 1 -

[PROPOSED] PROTECTIVE ORDER
CASE NO. 3:12-CV-05334

1  medium or manner in which it is generated, stored, or maintained (including, among other things,

2  testimony, transcripts, and tangible things), that are produced or generated in disclosures or

3  responses to discovery in this matter.

4       2.7  <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to

5  the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or

6  as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's

7  competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party

8  or of a Party's competitor.

9       2.8  <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or

10  Items</u>: extremely sensitive "Confidential Information or Items," disclosure of which to another

11  Party or Non-Party would create a substantial risk of serious harm that could not be avoided by

12  less restrictive means.

13       2.9  <u>"HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items</u>:

14  extremely sensitive "Confidential Information or Items" representing computer code and

15  associated comments and revision histories, formulas, engineering specifications, or schematics

16  that define or otherwise describe in detail the algorithms or structure of software or hardware

17  designs, disclosure of which to another Party or Non-Party would create a substantial risk of

18  serious harm that could not be avoided by less restrictive means.

19       2.10  <u>House Counsel</u>: attorneys who are employees of a party to this action. House

20  Counsel does not include Outside Counsel of Record or any other outside counsel.

21       2.11  <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal

22  entity not named as a Party to this action.

23       2.12  <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this

24  action but are retained to represent or advise a party to this action and have appeared in this action

25  on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

26       2.13  <u>Party</u>: any party to this action, including all of its officers, directors, employees,

27  consultants, retained experts, and Outside Counsel of Record (and their support staffs).

28       2.14  <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 2 -

[PROPOSED] PROTECTIVE ORDER
CASE NO. 3:12-CV-05334

1  Material in this action.

2      2.15   <u>Professional Vendors</u>: persons or entities that provide litigation support services

3  (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and

4  organizing, storing, or retrieving data in any form or medium) and their employees and

5  subcontractors.

6      2.16   <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as

7  "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or as

8  "HIGHLY CONFIDENTIAL – SOURCE CODE."

9      2.17   <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a

10  Producing Party.

11  3.   <u>SCOPE</u>

12      The protections conferred by this Stipulation and Order cover not only Protected Material

13  (as defined above), but also (1) any information copied or extracted from Protected Material; (2)

14  all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony,

15  conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

16  However, the protections conferred by this Stipulation and Order do not cover the following

17  information: (a) any information that is in the public domain at the time of disclosure to a

18  Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as

19  a result of publication not involving a violation of this Order, including becoming part of the

20  public record through trial or otherwise; and (b) any information obtained by the Receiving Party

21  after the disclosure from a source who obtained the information lawfully and under no obligation

22  of confidentiality to the Designating Party. Any use of Protected Material at trial shall be

23  governed by a separate agreement or order.

24  4.   <u>DURATION</u>

25      Even after final disposition of this litigation, the confidentiality obligations imposed by

26  this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court

27  order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all

28  claims and defenses in this action, with or without prejudice; and (2) final judgment herein after

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY
                                        - 3 -                    [PROPOSED] PROTECTIVE ORDER
                                                                 CASE NO. 3:12-CV-05334

1   the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action,

2   including the time limits for filing any motions or applications for extension of time pursuant to

3   applicable law.

4   5.   DESIGNATING PROTECTED MATERIAL

5       5.1   Exercise of Restraint and Care in Designating Material for Protection.  Each Party

6   or Non-Party that designates information or items for protection under this Order must take care

7   to limit any such designation to specific material that qualifies under the appropriate standards.

8   To the extent it is practical to do so, the Designating Party must designate for protection only

9   those parts of material, documents, items, or oral or written communications that qualify – so that

10  other portions of the material, documents, items, or communications for which protection is not

11  warranted are not swept unjustifiably within the ambit of this Order.

12      Mass, indiscriminate, or routinized designations are prohibited.  Designations that are

13  shown to be clearly unjustified or that have been made for an improper purpose (e.g., to

14  unnecessarily encumber or retard the case development process or to impose unnecessary

15  expenses and burdens on other parties) expose the Designating Party to sanctions.

16      If it comes to a Designating Party's attention that information or items that it designated

17  for protection do not qualify for protection at all or do not qualify for the level of protection

18  initially asserted, that Designating Party must promptly notify all other parties that it is

19  withdrawing the mistaken designation.

20      5.2   Manner and Timing of Designations.  Except as otherwise provided in this Order

21  (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered,

22  Disclosure or Discovery

23      Material that qualifies for protection under this Order must be clearly so designated before

24  the material is disclosed or produced.

25      Designation in conformity with this Order requires:

26          (a)   for information in documentary form (e.g., paper or electronic documents,

27  but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing

28  Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

1    EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page that contains

2    protected material. If only a portion or portions of the material on a page qualifies for protection,

3    the Producing Party also must clearly identify the protected portion(s) (e.g., by making

4    appropriate markings in the margins) and must specify, for each portion, the level of protection

5    being asserted.

6        A Party or Non-Party that makes original documents or materials available for inspection

7    need not designate them for protection until after the inspecting Party has indicated which

8    material it would like copied and produced. During the inspection and before the designation, all

9    of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL –

10   ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants

11   copied and produced, the Producing Party must determine which documents, or portions thereof,

12   qualify for protection under this Order. Then, before producing the specified documents, the

13   Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY

14   CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE

15   CODE) to each page that contains Protected Material. If only a portion or portions of the material

16   on a page qualifies for protection, the Producing Party also must clearly identify the protected

17   portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each

18   portion, the level of protection being asserted.

19        (b)    for testimony given in deposition or in other pretrial or trial proceedings,

20   that the Designating Party identify on the record, before the close of the deposition, hearing, or

21   other proceeding, all protected testimony and specify the level of protection being asserted. When

22   it is impractical to identify separately each portion of testimony that is entitled to protection and it

23   appears that substantial portions of the testimony may qualify for protection, the Designating

24   Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded)

25   a right to have up to 21 days to identify the specific portions of the testimony as to which

26   protection is sought and to specify the level of protection being asserted. Only those portions of

27   the testimony that are appropriately designated for protection within the 21 days shall be covered

28   by the provisions of this Stipulated Protective Order. Alternatively, a Designating Party may

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 5 -

[PROPOSED] PROTECTIVE ORDER
CASE NO. 3:12-CV-05334

1   specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the

2   entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

3   ATTORNEYS' EYES ONLY."

4         Parties shall give the other parties notice if they reasonably expect a deposition, hearing or

5   other proceeding to include Protected Material so that the other parties can ensure that only

6   authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound"

7   (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition

8   shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY

9   CONFIDENTIAL – ATTORNEYS' EYES ONLY."

10         Transcripts containing Protected Material shall have an obvious legend on the title page

11   that the transcript contains Protected Material, and the title page shall be followed by a list of all

12   pages (including line numbers as appropriate) that have been designated as Protected Material and

13   the level of protection being asserted by the Designating Party. The Designating Party shall

14   inform the court reporter of these requirements. Any transcript that is prepared before the

15   expiration of a 21-day period for designation shall be treated during that period as if it had been

16   designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless

17   otherwise agreed. After the expiration of that period, the transcript shall be treated only as

18   actually designated.

19         (c)    for information produced in some form other than documentary and for any

20   other tangible items, that the Producing Party affix in a prominent place on the exterior of the

21   container or containers in which the information or item is stored the legend "CONFIDENTIAL"

22   or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY

23   CONFIDENTIAL – SOURCE CODE". If only a portion or portions of the information or item

24   warrant protection, the Producing Party, to the extent practicable, shall identify the protected

25   portion(s) and specify the level of protection being asserted.

26        5.3    Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to

27   designate qualified information or items does not, standing alone, waive the Designating Party's

28   right to secure protection under this Order for such material. Upon timely correction of a

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 6 -

[PROPOSED] PROTECTIVE ORDER
CASE NO. 3:12-CV-05334

1  designation, the Receiving Party must make reasonable efforts to assure that the material is

2  treated in accordance with the provisions of this Order.

3  6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

4       6.1  Timing of Challenges. Any Party or Non-Party may challenge a designation of

5  confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality

6  designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic

7  burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to

8  challenge a confidentiality designation by electing not to mount a challenge promptly after the

9  original designation is disclosed.

10       6.2  Meet and Confer. The Challenging Party shall initiate the dispute resolution

11  process by providing written notice of each designation it is challenging and describing the basis

12  for each challenge. To avoid ambiguity as to whether a challenge has been made, the written

13  notice must recite that the challenge to confidentiality is being made in accordance with this

14  specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in

15  good faith and must begin the process by conferring directly (in voice to voice dialogue; other

16  forms of communication are not sufficient) within 14 days of the date of service of notice. In

17  conferring, the Challenging Party must explain the basis for its belief that the confidentiality

18  designation was not proper and must give the Designating Party an opportunity to review the

19  designated material, to reconsider the circumstances, and, if no change in designation is offered,

20  to explain the basis for the chosen designation. A Challenging Party may proceed to the next

21  stage of the challenge process only if it has engaged in this meet and confer process first or

22  establishes that the Designating Party is unwilling to participate in the meet and confer process in

23  a timely manner.

24       6.3  Judicial Intervention. If the Parties cannot resolve a challenge without court

25  intervention, the Designating Party shall file and serve a motion to retain confidentiality under

26  Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5 and General Order 62, if

27  applicable) within 21 days of the initial notice of challenge or within 14 days of the parties

28  agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 7 -

[PROPOSED] PROTECTIVE ORDER
CASE NO. 3:12-CV-05334

1  such motion must be accompanied by a competent declaration affirming that the movant has

2  complied with the meet and confer requirements imposed in the preceding paragraph. Failure by

3  the Designating Party to make such a motion including the required declaration within 21 days (or

4  14 days, if applicable) shall automatically waive the confidentiality designation for each

5  challenged designation. In addition, the Challenging Party may file a motion challenging a

6  confidentiality designation at any time if there is good cause for doing so, including a challenge to

7  the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to

8  this provision must be accompanied by a competent declaration affirming that the movant has

9  complied with the meet and confer requirements imposed by the preceding paragraph.

10      The burden of persuasion in any such challenge proceeding shall be on the Designating

11  Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose

12  unnecessary expenses and burdens on other parties) may expose the Challenging Party to

13  sanctions. Unless the Designating Party has waived the confidentiality designation by failing to

14  file a motion to retain confidentiality as described above, all parties shall continue to afford the

15  material in question the level of protection to which it is entitled under the Producing Party's

16  designation until the court rules on the challenge.

17  7.    ACCESS TO AND USE OF PROTECTED MATERIAL

18      7.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed

19  or produced by another Party or by a Non-Party in connection with this case only for prosecuting,

20  defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to

21  the categories of persons and under the conditions described in this Order. When the litigation has

22  been terminated, a Receiving Party must comply with the provisions of section 15 below (FINAL

23  DISPOSITION).

24      Protected Material must be stored and maintained by a Receiving Party at a location and

25  in a secure manner  that ensures that access is limited to the persons authorized under this Order.

26      7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered

27  by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any

28  information or item designated "CONFIDENTIAL" only to:

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 8 -

[PROPOSED] PROTECTIVE ORDER
CASE NO. 3:12-CV-05334

1         (a)     the Receiving Party's Outside Counsel of Record in this action, as well as

2 employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the

3 information for this litigation and who have signed the "Acknowledgment and Agreement to Be

4 Bound" that is attached hereto as Exhibit A;

5         (b)     the officers, directors, and employees (including House Counsel) of the

6 Receiving Party to whom disclosure is reasonably necessary for this litigation and who have

7 signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

8         (c)     Experts (as defined in this Order) of the Receiving Party to whom

9 disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment

10 and Agreement to Be Bound" (Exhibit A);

11         (d)     the court and its personnel;

12         (e)     court reporters and their staff, professional jury or trial consultants, and

13 Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have

14 signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

15         (f)     during their depositions, witnesses in the action to whom disclosure is

16 reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound"

17 (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of

18 transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be

19 separately bound by the court reporter and may not be disclosed to anyone except as permitted

20 under this Stipulated Protective Order.

21         (g)     the author or recipient of a document containing the information or a

22 custodian or other person who otherwise possessed or knew the information.

23     7.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and

24 "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items. Unless otherwise

25 ordered by the court or permitted in writing by the Designating Party, a Receiving Party may

26 disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS'

27 EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" only to:

28         (a)     the Receiving Party's Outside Counsel of Record in this action, as well as

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 9 -

[PROPOSED] PROTECTIVE ORDER
CASE NO. 3:12-CV-05334

1   employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the

2   information for this litigation and who have signed the "Acknowledgment and Agreement to Be

3   Bound" that is attached hereto as Exhibit A;

4          (b)    Experts of the Receiving Party (1) to whom disclosure is reasonably

5   necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be

6   Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(a)(2), below,

7   have been followed;

8          (c)    the court and its personnel;

9          (d)    court reporters and their staff, professional jury or trial consultants, and

10  Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have

11  signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

12         (e)    the author or recipient of a document containing the information or a

13  custodian or other person who otherwise possessed or knew the information.

14      7.4    <u>Procedures for Approving or Objecting to Disclosure of "HIGHLY</u>

15  <u>CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE</u>

16  <u>CODE": Information or Items to Experts.</u>

17         (a)    Unless otherwise ordered by the court or agreed to in writing by the

18  Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any

19  information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS'

20  EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to paragraph 7.3(c)

21  first must make a written request to the Designating Party that (1) identifies the general categories

22  of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY

23  CONFIDENTIAL – SOURCE CODE" information that the Receiving Party seeks permission to

24  disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her

25  primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's

26  current employer(s), (5) identifies each person or entity from whom the Expert has received

27  compensation or funding for work in his or her areas of expertise or to whom the expert has

28  provided professional services, including in connection with a litigation, at any time during the

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 10 -

[PROPOSED] PROTECTIVE ORDER
CASE NO. 3:12-CV-05334

1  preceding five years, and (6) identifies (by name and number of the case, filing date, and location

2  of court) any litigation in connection with which the Expert has offered expert testimony,

3  including through a declaration, report, or testimony at a deposition or trial, during the preceding

4  five years.

5     (b) A Party that makes a request and provides the information specified in the

6  preceding paragraph may disclose the subject Protected Material to the identified Expert unless,

7  within 14 days of delivering the request, the Party receives a written objection from the

8  Designating Party. Any such objection must set forth in detail the grounds on which it is based.

9     (c) A Party that receives a timely written objection must meet and confer with

10  the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by

11  agreement within seven days of the written objection. If no agreement is reached, the Party

12  seeking to make the disclosure to an Expert may file a motion as provided in Civil Local Rule 7

13  (and in compliance with Civil Local Rule 79-5 and General Order 62, if applicable) seeking

14  permission from the court to do so. Any such motion must describe the circumstances with

15  specificity, set forth in detail the reasons why the disclosure to the Expert is reasonably necessary,

16  assess the risk of harm that the disclosure would entail, and suggest any additional means that

17  could be used to reduce that risk. In addition, any such motion must be accompanied by a

18  competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the

19  extent and the content of the meet and confer discussions) and setting forth the reasons advanced

20  by the Designating Party for its refusal to approve the disclosure.

21    In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden

22  of proving that the risk of harm that the disclosure would entail (under the safeguards proposed)

23  outweighs the Receiving Party's need to disclose the Protected Material to its Designated House

24  Counsel.

25  8. SOURCE CODE

26     (a) To the extent production of source code becomes necessary in this case, a

27  Producing Party may designate source code as "HIGHLY CONFIDENTIAL - SOURCE CODE"

28  if it comprises or includes confidential, proprietary or trade secret source code.

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 11 -

[PROPOSED] PROTECTIVE ORDER
CASE NO. 3:12-CV-05334

1        (b)    Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE

2    CODE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL –

3    ATTORNEYS' EYES ONLY" information, and may be disclosed only to the individuals to

4    whom "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information may be

5    disclosed, as set forth in Paragraphs 7.3 and 7.4.

6        (c)    Any source code produced in discovery shall be made available for

7    inspection in a format through which it could be reasonably reviewed and searched during normal

8    business hours or other mutually agreeable times at a location that is reasonably convenient for

9    the Receiving Party and any experts to whom the source code may be disclosed.

10       (d)    The Receiving Party may request paper copies of limited portions of source

11   code that are reasonably necessary for the preparation of court filings, pleadings, expert reports,

12   or other papers, or for deposition or trial, but shall not request paper copies for the purposes of

13   reviewing the source code other than electronically as set forth in paragraph (c) in the first

14   instance. The Producing Party shall provide all such source code in paper form including bates

15   numbers and the label "HIGHLY CONFIDENTIAL - SOURCE CODE."  The Producing Party

16   may challenge the amount of source code requested in hard copy form pursuant to the dispute

17   resolution procedure and timeframes set forth in Paragraph 6 whereby the Producing Party is the

18   "Challenging Party" and the Receiving Party is the "Designating Party" for purposes of dispute

19   resolution.

20       (e)    The Receiving Party shall maintain a record of any individual who has

21   inspected any portion of the source code in electronic or paper form. The Receiving Party shall

22   maintain all paper copies of any printed portions of the source code in a secured, locked area. The

23   Receiving Party shall not create any electronic or other images of the paper copies and shall not

24   convert any of the information contained in the paper copies into any electronic format. The

25   Receiving Party shall only make additional paper copies if such additional copies are (1)

26   necessary to prepare court filings, pleadings, or other papers (including a testifying expert's

27   expert report), (2) necessary for deposition, or (3) otherwise necessary for the preparation of its

28   case. Any paper copies used during a deposition shall be retrieved by the Producing Party at the

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 12 -

[PROPOSED] PROTECTIVE ORDER
CASE NO. 3:12-CV-05334

1  end of each day and must not be given to or left with a court reporter or any other individual.

2  9.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER
       LITIGATION
3

4       If a Party is served with a subpoena or a court order issued in other litigation that compels

5  disclosure of any information or items designated in this action as "CONFIDENTIAL" or

6  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL –

7  SOURCE CODE" that Party must:

8           (a)     promptly notify in writing the Designating Party. Such notification shall

9  include a copy of the subpoena or court order;

10          (b)     promptly notify in writing the party who caused the subpoena or order to

11  issue in the other litigation that some or all of the material covered by the subpoena or order is

12  subject to this Protective Order. Such notification shall include a copy of this Stipulated

13  Protective Order; and

14          (c)     cooperate with respect to all reasonable procedures sought to be pursued by

15  the Designating Party whose Protected Material may be affected.

16      If the Designating Party timely seeks a protective order, the Party served with the

17  subpoena or court order shall not produce any information designated in this action as

18  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or

19  "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the court from

20  which the subpoena or order issued, unless the Party has obtained the Designating Party's

21  permission. The Designating Party shall bear the burden and expense of seeking protection in that

22  court of its confidential material – and nothing in these provisions should be construed as

23  authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from

24  another court.

25  10.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS
       LITIGATION
26
27          (a)     The terms of this Order are applicable to information produced by a Non-

28  Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

1   ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE". Such

2   information produced by Non-Parties in connection with this litigation is protected by the

3   remedies and relief provided by this Order. Nothing in these provisions should be construed as

4   prohibiting a Non-Party from seeking additional protections.

5          (b)    In the event that a Party is required, by a valid discovery request, to

6   produce a Non-Party's confidential information in its possession, and the Party is subject to an

7   agreement with the Non-Party not to produce the Non-Party's confidential information, then the

8   Party shall:

9             1.  promptly notify in writing the Requesting Party and the Non-Party that

10   some or all of the information requested is subject to a confidentiality agreement with a Non-

11   Party;

12             2.  promptly provide the Non-Party with a copy of the Stipulated

13   Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific

14   description of the information requested; and

15             3.  make the information requested available for inspection by the Non-

16   Party.

17          (c)    If the Non-Party fails to object or seek a protective order from this court

18   within 14 days of receiving the notice and accompanying information, the Receiving Party may

19   produce the Non-Party's confidential information responsive to the discovery request. If the Non-

20   Party timely seeks a protective order, the Receiving Party shall not produce any information in its

21   possession or control that is subject to the confidentiality agreement with the Non-Party before a

22   determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the

23   burden and expense of seeking protection in this court of its Protected Material.

24   11.    <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

25       If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

26   Material to any person or in any circumstance not authorized under this Stipulated Protective

27   Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the

28   unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 14 -

[PROPOSED] PROTECTIVE ORDER
CASE NO. 3:12-CV-05334

1  Protected Material, (c) inform the person or persons to whom unauthorized disclosures were

2  made of all the terms of this Order, and (d) request such person or persons to execute the

3  "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

4  12.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED

5  MATERIAL

6  When a Producing Party gives notice to Receiving Parties that certain inadvertently

7  produced material is subject to a claim of privilege or other protection, the obligations of the

8  Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This

9  provision is not intended to modify whatever procedure may be established in an e-discovery

10  order that provides for production without prior privilege review. Pursuant to Federal Rule of

11  Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a

12  communication or information covered by the attorney-client privilege or work product

13  protection, the parties may incorporate their agreement in the stipulated protective order

14  submitted to the court.

15  13.   MISCELLANEOUS

16  13.1   Right to Further Relief.  Nothing in this Order abridges the right of any person to

17  seek its modification by the court in the future.

18  13.2   Right to Assert Other Objections.  By stipulating to the entry of this Protective

19  Order no Party waives any right it otherwise would have to object to disclosing or producing any

20  information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no

21  Party waives any right to object on any ground to use in evidence of any of the material covered

22  by this Protective Order.

23  13.3   Export Control.  Disclosure of Protected Material shall be subject to all applicable

24  laws and regulations relating to the export of technical data contained in such Protected Material,

25  including the release of such technical data to foreign persons or nationals in the United States or

26  elsewhere. The Producing Party shall be responsible for identifying any such controlled technical

27  data, and the Receiving Party shall take measures necessary to ensure compliance.

28

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 15 -

[PROPOSED] PROTECTIVE ORDER
CASE NO. 3:12-CV-05334

1    13.4    <u>Filing Protected Material.</u> Without written permission from the Designating Party

2    or a court order secured after appropriate notice to all interested persons, a Party may not file in

3    the public record in this action any Protected Material. A Party that seeks to file under seal any

4    Protected Material must comply with Civil Local Rule 79-5 and General Order 62. Protected

5    Material may only be filed under seal pursuant to a court order authorizing the sealing of the

6    specific Protected Material at issue. Pursuant to Civil Local Rule 79-5 and General Order 62, a

7    sealing order will issue only upon a request establishing that the Protected Material at issue is

8    privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a

9    Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-

10   5(d) and General Order 62 is denied by the court, then the Receiving Party may file the Protected

11   Material in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by

12   the court.

13   14.    <u>FINAL DISPOSITION</u>

14   Within 60 days after the final disposition of this action, as defined in paragraph 4, each

15   Receiving Party must return all Protected Material to the Producing Party or destroy such

16   material. As used in this subdivision, "all Protected Material" includes all copies, abstracts,

17   compilations, summaries, and any other format reproducing or capturing any of the Protected

18   Material. Whether the Protected Material is returned or destroyed, the Receiving Party must

19   submit a written certification to the Producing Party (and, if not the same person or entity, to the

20   Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all

21   the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has

22   not retained any copies, abstracts, compilations, summaries or any other format reproducing or

23   capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to

24   retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts,

25   legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work

26   product, and consultant and expert work product, even if such materials contain Protected

27   Material. Any such archival copies that contain or constitute Protected Material remain subject to

28   this Protective Order as set forth in Section 4 (DURATION).

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 16 -

[PROPOSED] PROTECTIVE ORDER
CASE NO. 3:12-CV-05334

1

**IT IS SO ORDERED.**

2

3    Dated: __ 10/18 _____ , 2012

United States District Judge

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 17 -

[PROPOSED] PROTECTIVE ORDER
CASE NO. 3:12-CV-05334

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## EXHIBIT A

### ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury that I have read

in its entirety and understand the Stipulated Protective Order that was issued by the United States

District Court for the Northern District of California on [date] in the case of _____ [insert

**formal name of the case and the number and initials assigned to it by the court].** I agree to

comply with and to be bound by all the terms of this Stipulated Protective Order and I understand

and acknowledge that failure to so comply could expose me to sanctions and punishment in the

nature of contempt. I solemnly promise that I will not disclose in any manner any information or

item that is subject to this Stipulated Protective Order to any person or entity except in strict

compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for

the Northern District of California for the purpose of enforcing the terms of this Stipulated

Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone

number] as my California agent for service of process in connection with this action or any

proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
                        [printed name]

Signature: _____
                        [signature]

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 1 -

[PROPOSED] PROTECTIVE ORDER
CASE NO. 3:12-CV-05334